JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Janet Cleary and Thomas Cleary, h/w

### DEFENDANTS
L&L Transportation; Leonard Rizzolo; Crestwood Midstream; and PAPCO, LLC

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: DeKalb County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin P. O'Brien, Esquire
Stampone Law, PC
500 Cottman Avenue
Cheltenham, PA 19012
(215) 663-0400

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 400 State Reapportionment |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | [ ] 410 Antitrust |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | [ ] 430 Banks and Banking |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability |  | [ ] 820 Copyrights | [ ] 450 Commerce |
| [ ] 151 Medicare Act | [ ] 340 Marine |  | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability |  | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [x] 350 Motor Vehicle / **PERSONAL PROPERTY** / [ ] 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise |  | [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
|  |  | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee |  | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence |  |  | [ ] 950 Constitutionality of State Statutes |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General |  |  |  |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities Employment / [ ] 535 Death Penalty | **IMMIGRATION** |  |  |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application |  |  |
|  | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions |  |  |
|  | [ ] 555 Prison Condition |  |  |  |
|  | [ ] 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1322

Brief description of cause:
Personal Injury

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: 
DOCKET NUMBER: 

DATE: 10/8/14
SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 900 E. Fornance Street, Norristown, PA 19401

Address of Defendant: 3825 US Highway 6 East, Waterloo, IN 46793

Place of Accident, Incident or Transaction: Pennsylvania
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☐  Unknown

Does this case involve multidistrict litigation possibilities?  Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☒ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

ARBITRATION CERTIFICATION
(Check Appropriate Category)
I, Kevin P. O'Brien, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 11/6/14  _____  313081
               Attorney-at-Law    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/6/14  _____  313081
               Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Janet Cleary and Thomas Cleary h/w : CIVIL ACTION
v. :
L&L Transportation Co., et al : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (xx)

10/8/14     Kevin P. O'Brien     /s/ KB
**Date**     **Attorney-at-law**     **Attorney for** Plaintif

215-663-0400     215-663-9112     kobrien@stmponelaw.com

**Telephone**     **FAX Number**     **E-Mail Address**

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
(See §1.02 (e) Management Track Definitions of the
Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JANET CLEARY AND THOMAS CLEARY, H/W** <br> 900 E. Fornance Street <br> Norristown, PA 19401 <br><br> vs. <br><br> **L&L TRANSPORTATION CO.** <br> 3825 US Highway 6 East <br> Waterloo In, 46793 <br> AND <br> **LEONARD RIZZOLO** <br> 324 Erie Ave <br> Clayton, NJ 08312-2013 <br><br> **CRESTWOOD MIDSTREAM PARTNERS** <br> 1709 S. Burlington Road <br> Bridgeton, NJ 08032 <br><br> **PAPCO, LLC** <br> 1709 S. Burlington Road <br> Bridgeton, NJ 08032 | **JURY TRIAL DEMANDED** <br><br><br><br> CIVIL ACTION NO |

## COMPLAINT IN CIVIL ACTION

**JURISDICTION**

Jurisdiction is founded upon diversity of citizenship of the parties and the amount in controversy pursuant to 28 U.S.C. Section 1322, in that Plaintiffs, Janet and Thomas Cleary are individuals and citizens of the State of Pennsylvania, residing therein at 900 E. Fornance Street, Norristown, PA 19401; Defendant Leonard Rizzolo, is alleged and therefore averred to be an adult individual and Citizen of the State of New Jersey residing therein at 324 Erie Ave, Clayton, NJ 08312-2013, Defendant L&L Transportation Co. is alleged and therefore averred to be an Indiana corporate entity with its principal place of business located at 3825 US Highway 6 East,

1

Waterloo In, 46793, Defendant Crestwood Midstream Partners is alleged and therefore averred to be a corporate entity with its principal place of business located at 1709 S. Burlington Road, Bridgeton, NJ 08032, Defendant PAPCO, LLC is alleged and therefore averred to be an corporate entity with its principal place of business located at 1709 S. Burlington Road, Bridgeton, NJ 08032. The amount in controversy exceeds Two Hundred Thousand ($200,000.00) Dollars.

**FACTUAL ALLEGATIONS:**

1. Plaintiffs, Janet and Thomas Cleary, husband and wife are individuals and citizens of the State of Pennsylvania, residing therein at 900 E. Fornance Street, Norristown, PA 19401.

2. Defendant Leonard Rizzolo, is alleged and therefore averred to be an adult individual and Citizen of the State of New Jersey residing therein at 324 Erie Ave, Clayton, NJ 08312-2013.

3. Defendant L&L Transportation Co. is alleged and therefore averred to be a Indiana corporation, partnership and/or other business entity Licensed to transact business in the Commonwealth of Pennsylvania, with its principal place of business located at 3825 US Highway 6 East, Waterloo In, 46793.

4. Defendant Crestwood Midstream Partners is alleged and therefore averred to be a corporate entity with its principal place of business located at 1709 S. Burlington Road.

5. Defendant PAPCO, LLC is alleged and therefore averred to be a corporate entity with its principal place of business located at 1709 S. Burlington Road, Bridgeton, NJ 08032.

6. At all times relevant hereto, Defendant, Leonard Rizzolo, was acting individually or as the agent, servant, employee of Defendants, L&L Transportation, Co, Crestwood Midstream Partners, and/or PAPCO, LLC rendering these Defendants responsible for the

2

negligence and carelessness of its agents, ostensible agents, workmen and/or employees under the Doctrine of Respondeat Superior.

7. At all times relevant hereto, the motor vehicle being operated by Defendant, Leonard Rizzolo, was owned and maintained by Defendants, L&L Transportation, Co, Crestwood Midstream Partners, and/or PAPCO, LLC.

8. On or about December 26, 2013, Plaintiff, Janet Cleary, was lawfully operating her motor vehicle when she was involved in a low-speed collision of less than 5 mph which caused her vehicle to come to a stop on the shoulder of the roadway of I-76 West, otherwise known as the Pennsylvania Turnpike.

9. After gathering her things Plaintiff exited her vehicle on the passenger side which was on the shoulder of the roadway. After exiting the vehicle Plaintiff turned to see a tractor trailer being driven by Defendant Rizzolo in the course and scope of his employment by L&L Transpiration, Crestwood Midstream Partners, and/or PAPCO, Inc., "jackknifed", or travelling perpendicular to the roadway at a high rate of speed in a manner that was obvious the driver was not in control of the operation of the vehicle.

10. As the tractor-trailer being driven by Defendant passed another vehicle stopped on the north shoulder of the road, said tractor-trailer struck said vehicle which was fully on the shoulder of the roadway.

11. The tractor-trailer being operated by the Defendant then went on to strike several more cars stopped on the side of the roadway eventually causing one such vehicle to strike Plaintiff after she had exited her vehicle and was on the shoulder of the roadway as a pedestrian causing the skin, soft tissue, and muscles to be ripped from her leg and a fracture of her tibia and fibia, and other various, serious and permanent injuries set forth more fully at length below.

12. This accident was caused solely by the negligence and carelessness of the aforementioned Defendants, their agents, ostensible agents, servants, workmen, independent contractors and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

13. As a result of the aforesaid accident, the Plaintiff, Janet Cleary, has suffered injuries which are serious and permanent in nature, including, but not limited to: complex fracture of her tibia and fibula, severe rubber burn, stripping of the soft tissue from the leg to the bone, post-operative infection and subsequent surgery to treat same, loss of use of her leg, long term antibiotic therapy, permanent scarring and disfigurement, contusions, lacerations and abrasions over various portions of her body; post traumatic anxiety and depression; severe damage to her nerves and nervous system; and various other ills and injuries which the Plaintiff yet suffers and will continue to suffer for an indefinite time into the future.

14. As a further result of the aforesaid accident, the Plaintiff, Janet Cleary has been obliged to receive and undergo medical attention and care and to incur various and diverse expenses, all of which have or may exceed the sums and value recoverable under 75 Pa. C.S. Section 1711 and which the Plaintiff may continue to expend and incur for an indefinite time into the future.

15. As a further result of the aforesaid accident, the Plaintiff, Janet Cleary, has suffered severe physical pain and trauma, mental upset, anguish, and humiliation and may continue to suffer same for an indefinite time into the future.

16. As a further result of the aforesaid incident, Plaintiff, Janet Cleary, has or may suffer a severe loss of his earnings and impairment of his earning capacity and power, all of which may continue indefinitely into the future.

17. As a further result of the aforesaid accident, the Plaintiff, Janet Cleary, has suffered a diminution in her ability to enjoy life and life's pleasures, all of which will continue indefinitely into the future.

## COUNT I
## JANET CLEARY V. L&L TRANSPORTATION, CO.

18. Plaintiffs hereby incorporate by reference Paragraphs 1 through 17 as if the same were herein set forth at length.

19. The negligence of the Defendant, L&L TRANSPORTATION CO.., its agents, servants, workmen and/or employees, consisted of, but is not limited to, the following:

a) negligently entrusting a motor vehicle to one known to have the propensities for failure to properly operate and control the motor vehicle so that it would not become a hazard to persons situated such as the Plaintiff;

b) negligently entrusting a motor vehicle to one known to have the propensities for failure to apply the brakes to avoid an accident;

c) negligently entrusting a motor vehicle to one known to have the propensities for failure to yield the right of way to Plaintiff's vehicle;

d) negligently entrusting a motor vehicle to one known to have the propensities for failure to keep a proper lookout;

e) negligently entrusting a motor vehicle to one known to have the propensities for operation of the vehicle at an excessive rate of speed under the circumstances;

f) negligently entrusting a motor vehicle to one known to have the propensities for making an improper right turn;

g) negligently entrusting a motor vehicle to one known to have the propensities for failing to maintain control of his vehicle;

5

      h) negligently entrusting a motor vehicle to one known to have the propensities for entering Plaintiff's lane of travel;

      i) operation of a vehicle in violation of the laws in the Commonwealth of Pennsylvania governing the operation of motor vehicles on the streets and highways;

      j) failing to train it's drivers;

      k) failing to maintain it's vehicle properly.

20. The negligence and carelessness of the Defendant as set forth herein was the proximate and sole cause of the injuries and damages to the Plaintiff and expenses incurred as set forth herein.

WHEREFORE, Plaintiff, Janet Cleary, demands judgment against the Defendant, L&L TRANSPORTATION CO., its agents, servants, workmen and/or employees, jointly and/or severally, in an amount in excess of Two Hundred Thousand ($200,000.00) Dollars, along with lawful interest and costs of suit.

## COUNT II
## JANET CLEARY V. CRESTWOOD MIDSTREAM PARTNERS.

21. Plaintiffs hereby incorporate by reference Paragraphs 1 through 20 as if the same were herein set forth at length.

22. The negligence of the Defendant, Crestwood Midstream Partners, its agents, servants, workmen and/or employees, consisted of, but is not limited to, the following:

      a) negligently entrusting a motor vehicle to one known to have the propensities for failure to properly operate and control the motor vehicle so that it would not become a hazard to persons situated such as the Plaintiff;

      b) negligently entrusting a motor vehicle to one known to have the propensities for failure to apply the brakes to avoid an accident;

6

  c)  negligently entrusting a motor vehicle to one known to have the propensities for failure to yield the right of way to Plaintiff's vehicle;

  d)  negligently entrusting a motor vehicle to one known to have the propensities for failure to keep a proper lookout;

  e)  negligently entrusting a motor vehicle to one known to have the propensities for operation of the vehicle at an excessive rate of speed under the circumstances;

  f)  negligently entrusting a motor vehicle to one known to have the propensities for making an improper right turn;

  g)  negligently entrusting a motor vehicle to one known to have the propensities for failing to maintain control of his vehicle;

  h)  negligently entrusting a motor vehicle to one known to have the propensities for entering Plaintiff's lane of travel;

  i)  operation of a vehicle in violation of the laws in the Commonwealth of Pennsylvania governing the operation of motor vehicles on the streets and highways;

  j)  failing to train it's drivers;

  k)  failing to maintain it's vehicle properly.

23. The negligence and carelessness of the Defendant as set forth herein was the proximate and sole cause of the injuries and damages to the Plaintiff and expenses incurred as set forth herein.

WHEREFORE, Plaintiff, Janet Cleary, demands judgment against the Defendant, Crestwood Midstream Partners, its agents, servants, workmen and/or employees, jointly and/or severally, in an amount in excess of Two Hundred Thousand ($200,000.00) Dollars, along with lawful interest and costs of suit.

## COUNT III
## JANET CLEARY V. PAPCO, LLC.

24. Plaintiffs hereby incorporate by reference Paragraphs 1 through 23 as if the same were herein set forth at length.

25. The negligence of the Defendant, PAPCO, LLC, its agents, servants, workmen and/or employees, consisted of, but is not limited to, the following:

a) negligently entrusting a motor vehicle to one known to have the propensities for failure to properly operate and control the motor vehicle so that it would not become a hazard to persons situated such as the Plaintiff;

b) negligently entrusting a motor vehicle to one known to have the propensities for failure to apply the brakes to avoid an accident;

c) negligently entrusting a motor vehicle to one known to have the propensities for failure to yield the right of way to Plaintiff's vehicle;

d) negligently entrusting a motor vehicle to one known to have the propensities for failure to keep a proper lookout;

e) negligently entrusting a motor vehicle to one known to have the propensities for operation of the vehicle at an excessive rate of speed under the circumstances;

f) negligently entrusting a motor vehicle to one known to have the propensities for making an improper right turn;

g) negligently entrusting a motor vehicle to one known to have the propensities for failing to maintain control of his vehicle;

h) negligently entrusting a motor vehicle to one known to have the propensities for entering Plaintiff's lane of travel;

i) operation of a vehicle in violation of the laws in the Commonwealth of

Pennsylvania governing the operation of motor vehicles on the streets and highways;

  j)  failing to train it's drivers;

  k)  failing to maintain it's vehicle properly.

26. The negligence and carelessness of the Defendant as set forth herein was the proximate and sole cause of the injuries and damages to the Plaintiff and expenses incurred as set forth herein.

WHEREFORE, Plaintiff, Janet Cleary, demands judgment against the Defendant PAPCO, LLC, its agents, servants, workmen and/or employees, jointly and/or severally, in an amount in excess of Two Hundred Thousand ($200,000.00) Dollars, along with lawful interest and costs of suit.

## COUNT IV
## JANET CLEARY VS. LEONARD RIZZOLO

25. Plaintiffs hereby incorporate by reference Paragraphs 1 through 24 as though the same were fully set forth at length herein.

26. At all times relevant hereto, Defendant Leonard Rizzolo was an agent, ostensible agent, employee, worker, and/or independent contractor of Defendants L&L Transportation, Co, Crestwood Midstream Partners, and/or PAPCO, LLC.

26. The negligence and carelessness of the Defendant, Leonard Rizzolo, consisted of, but is not limited to, the following:

  a)  failure to properly operate and control the motor vehicle so that it would not become a hazard to persons situated such as the Plaintiff;

  b)  failure to apply the brakes to avoid an accident;

  c)  failure to yield the right of way to Plaintiff's vehicle;

  d)  failure to keep a proper lookout;

9

   e)  operation of the vehicle at an excessive rate of speed under the circumstances;

   f)  making an improper right turn;

   g)  failing to maintain control of his vehicle;

   h)  entering Plaintiff's lane of travel;

   i)  operation of a vehicle in violation of the laws in the Commonwealth of Pennsylvania governing the operation of motor vehicles on the streets and highways.

27. The negligence and carelessness of the Defendant was the proximate and sole cause of the injuries and damage to the Plaintiff and expenses incurred as set forth herein.

WHEREFORE, Plaintiff, Janet Cleary, demands judgment against the Defendant, Leonard Rizzolo, jointly and severally, in an amount in excess of Two Hundred Thousand ($200,000.00) Dollars, along with lawful interest and costs of suit.

**COUNT V**
**THOMAS CLEARY V. ALL DEFENDANTS**

28. Plaintiffs hereby incorporate by reference Paragraphs 1 through 27 as if the same were herein set forth at length.

29. Plaintiff, Thomas Cleary, was and is the lawful husband of Plaintiff, Janet Cleary.

30. As a result of the injuries suffered by his wife, Plaintiff, Thomas Cleary, has and will in the future suffer the loss and deprivations of the usual services, society and consortium of his wife and has been required to provide special services and care to her.

31. As a further result of the aforesaid accident, the Plaintiff, Thomas Cleary, has suffered damages to his motor vehicle and incurred expenses for towing and storage.

WHEREFORE, Plaintiff, Thomas Cleary, demands judgment against the Defendants, L&L Transportation Co., Midstream Crestwood Partners, PAPCO, LLC, and Leonard Rizzolo,

their agents, servants, workmen and/or employees, jointly and/or severally, in an amount in excess of Two Hundred Thousand ($200,000.00) Dollars.

                              Respectfully submitted,

                              STAMPONE LAW, P.C.

BY: _____
        JOSEPH P. STAMPONE, ESQUIRE
        jstampone@stamponelaw.com
        KEVIN P. O'BRIEN, ESQUIRE
        kobrien@stamponelaw.com
        JAMES P. MCNALLY, ESQUIRE
        jmcnally@stamponelaw.com
        Attorney for Plaintiff(s)
        500 Cottman Avenue
        Cheltenham, PA 19012
        (215) 663-0400
        (215) 663-9112

## **VERIFICATION**

JANET CLEARY, states that She is the Plaintiff herein, that She is acquainted with the facts set forth in the foregoing pleading, that the same are true and correct to the best of her information, knowledge and belief and that this statement is made subject to the penalties of 18 Pa. C.S.A., Section 4904, relating to unsworn falsification to authorities.

_____
JANET CLEARY

## **VERIFICATION**

THOMAS CLEARY, states that he is the Plaintiff herein, that he is acquainted with the facts set forth in the foregoing pleading, that the same are true and correct to the best of his information, knowledge and belief and that this statement is made subject to the penalties of 18 Pa. C.S.A., Section 4904, relating to unsworn falsification to authorities.

_____
THOMAS CLEARY